Filed 10/21/13  P. v. Oliver CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072428 |
| v. | (Super. Ct. No. CM036085) |
| DARON MICHAEL OLIVER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Daron Michael Oliver asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On February 11, 2012, defendant and his live-in girlfriend, K.H., were consuming alcohol and arguing in their apartment.  When K.H. attempted to leave, defendant prevented her from doing so by pulling her back by her arms or shirt and blocking the door with his body.  After about two hours of arguing, K.H. went upstairs to bed.  She hoped defendant would leave her alone if she pretended to sleep, but he followed her and continued to yell.  She returned downstairs, lay on the couch, and covered herself with a blanket.

1

Defendant came downstairs, pulled the blanket off K.H., and climbed on top of her. K.H. screamed and kicked. Defendant responded by ripping off her pajama bottoms and attempting to force her legs apart. When K.H. screamed for help, defendant began squeezing her neck. He then released her neck and dragged her to the floor. K.H. threatened to scream again and defendant released her. K.H. took the opportunity to flee the apartment.

After borrowing some pants from a neighbor, K.H. went to a market to call the police. When the police arrived and contacted defendant, defendant claimed K.H. was crazy. He became agitated as he described their argument and the officers decided to arrest him for assault. As the officers grabbed him, he began resisting. He managed to break free of the officers' grasps but, instead of fleeing, he took a fighting stance and began throwing punches.

After punching one officer in the head and elbowing the other in the chin, defendant was finally taken to the ground and held in a headlock. He continued struggling, however, and had to be subdued twice with a Taser before the officers could secure him in handcuffs. Both officers sustained injuries.

Defendant pled guilty to willful injury to a cohabitant resulting in traumatic injury (Pen. Code, § 273.5),[1] resisting a peace officer (§ 69), and attempted sexual battery (§§ 664, 243.4). In exchange for his plea, additional counts and a pending misdemeanor were dismissed.

The trial court denied probation and sentenced defendant to serve the upper term of four years for the willful injury to a cohabitant, a consecutive eight months (one-third the midterm) for resisting a peace officer, and a consecutive six months (one-third the midterm) for attempted sexual battery, for an aggregate state prison term of five years

---

[1] Undesignated statutory references are to the Penal Code.

two months. The trial court imposed various fines and fees and awarded defendant 485 days of presentence custody credit.

Defendant appeals. He did not obtain a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


               HOCH      , J.


We concur:


      RAYE     , P. J.


      ROBIE     , J.